**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID PORTER<br>1548 E. Walnut Lane<br>Philadelphia, PA 19138<br><br>   *Plaintiff*,<br><br>  v.<br><br>UNIVERSITY OF PENNSYLVANIA<br>HEALTH SYSTEM<br>1500 Market Street<br>West Tower, Centre Square<br>Philadelphia, PA 19102<br>  and<br>THE TRUSTEES OF THE UNIVERSITY<br>OF PENNSYLVANIA d/b/a<br>Penn Medicine<br>3400 Civic Center Blvd.<br>Philadelphia, PA 19104<br>  and<br>HOSPITAL OF THE UNIVERSITY OF<br>PENNSYLVANIA<br>3400 Spruce Street<br>Philadelphia, PA 19104<br><br>   *Defendants*. | CIVIL ACTION<br><br><br>No.: _____<br><br><br>**JURY TRIAL DEMANDED** |

## **CIVIL ACTION COMPLAINT**

Plaintiff, David Porter, by and through his undersigned counsel, hereby avers as follows:

### I.   **INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by University of Pennsylvania Health System, The Trustees of the University of Pennsylvania d/b/a Penn Medicine and the Hospital of the University of Pennsylvania ("Defendants," if referred to collectively) of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. §

1981), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.) and the Philadelphia Fair Practice Ordinance ("PFPO").[1] Plaintiff was unlawfully terminated by Defendants on two separate occasions and he suffered damages more fully described/sought herein.

## II.    JURISDICTION AND VENUE

2.    This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.    Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (and dual-filing with the PCHR) and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PFPO once his administrative remedies are fully exhausted with the Philadelphia Commission on Human Relations ("PCHR").

### III. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant University of Pennsylvania Health System operates hospitals located in Philadelphia, PA.

9. Defendant The Trustees of the University of Pennsylvania d/b/a Penn Medicine is the parent organization which oversees and operates multiple hospitals in the greater Philadelphia area.

10. Defendant Hospital of the University of Pennsylvania ("HUP") is the flagship hospital of Penn Medicine and is located in the University City section of West Philadelphia.

11. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as Plaintiff's single, integrated, and/or joint employer for purposes of the instant action.

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is a black (African-American) male.

15. Plaintiff became employed with Defendants effective on or about July 20, 2020.

16. Plaintiff was employed by Defendants as a Security Guard at 3400 Spruce Street, Philadelphia, PA 19104 (for Defendants' operations doing business publicly as "Penn Medicine").

17. Plaintiff is an exceptionally hard worker, and he did a stellar job during his employment with Defendants.

18. While in the employ of Defendants, Plaintiff was supervised, by *inter alia,* Chris O'Keefe (Caucasian), a Training and Compliance Coordinator (and supervisor) for Defendants, as well as O'Keefe's supervisor, Joe Forte (Caucasian), the HUP Security Director.

19. O'Keefe appeared to Plaintiff to be more flexible with non-black staff, and very rigid or pressuring with black staff (and minorities). O'Keefe was also more polite, professional, and pleasant with non-black (and non-minority) staff (and, from what Plaintiff discerned, more heavy-handed with discipline towards minorities).

20. In the December of 2022 timeframe, Plaintiff complained to O'Keefe that Plaintiff felt that O'Keefe was "treating [Plaintiff] unfairly racially." O'Keefe demanded that Plaintiff work overtime to cover shifts, but he was not giving Plaintiff reasonable notice.

21. Plaintiff is a team player and he did not mind helping, however, he would at times be directed to work overtime (with an unexpected second shift the same day) on the same day that he was already working (despite a prior schedule and personal obligations).

22. In response to Plaintiff's complaint of racial concerns, O'Keefe claimed that he was tough on everyone, not just Plaintiff. But Plaintiff's observations were different. It appeared to Plaintiff that O'Keefe exhibited selective harsher treatment towards minorities.

23. In the January-February of 2023 timeframe, and again in the spring of 2023 (in the April-May 2023 timeframe), Plaintiff raised his second and third concerns of discrimination known to O'Keefe, respectively.

24. In response, O'Keefe threatened Plaintiff's job, if Plaintiff would not or could not work overtime without adequate notice, and was difficult or abusive in other ways.

25. For example, Plaintiff was told that it was an order or directive that he was required to work an overtime shift on the same day that Plaintiff was working his regularly scheduled shift. Again, while Plaintiff tried to help at times, sometimes Plaintiff could not work such an overtime shift with less than 24 hours' notice due to numerous personal commitments.

26. While Plaintiff does not recall the exact dates, in the January-February and (separately in the) April-May of 2023 timeframe, Plaintiff again raised concerns that O'Keefe was singling Plaintiff out "racially" and that Plaintiff was not being treated fairly.

27. Plaintiff further elaborated that it seemed like minorities were being treated more harshly and/or were being picked on. Plaintiff felt that O'Keefe was harsher with black (and minority) employees, and O'Keefe was threatening Plaintiff's job for not complying with his last-minute requests.

28. By Plaintiff's best estimate, from December of 2022 through May of 2023 (prior to Plaintiff's first May 15, 2023 termination), Plaintiff had made at least three (3) complaints of being treated differently based upon race.

29. Within less than one (1) month of when Plaintiff expressed his third concern to O'Keefe of being mistreated "racially," Plaintiff was terminated on or about May 15, 2023.

30. Defendants' purported stated basis for Plaintiff's termination was that he apparently had not stayed to work an unscheduled (last-minute required) overtime shift on or about May 6, 2023.

31. As a result of Plaintiff's (initial) termination from employment, Plaintiff complained to Defendants' human resources personnel and explained that he was terminated unfairly.

32. By late May of 2023, Defendants' human resources department agreed that Plaintiff was unfairly terminated and, to Plaintiff's knowledge, his disciplinary termination was rescinded.

33. Thereafter, Plaintiff was permitted to return to work. However, there was *tremendous hostility* from Defendants' management with respect to the manner in which Plaintiff was spoken to, scheduled and handled.

34. It was clear to Plaintiff that he was not wanted back by Defendants' management. Plaintiff was then again terminated on or about July 7, 2023 (roughly another month later).

35. As to Plaintiff's second termination from employment, Plaintiff was given no meaningful information about details initially.

36. However, Plaintiff subsequently learned that Defendants seemed to be claiming that Plaintiff allegedly "falsified" his patrol log which, according to Defendants' allegations, was purportedly sometime in June of 2023. Plaintiff also believes that Defendants claim that Plaintiff was working in the office at a time when he was listed as on patrol.

37. However, Plaintiff and the other Security Guards often went to the office between patrols, and Plaintiff always fulfilled his patrol requirements. Plaintiff cannot provide more specifics (even though he did nothing wrong) as to the complete pretext in Defendants' stated

reason for Plaintiff's second termination because: (a) Plaintiff never had a problem with his logs in three (3) years of employment; (b) it is clear Defendants only went back and checked Plaintiff's logs to find an excuse to terminate him (based upon Plaintiff's race and prior protected activities); (c) Plaintiff was not given any opportunity to look at, explain or hear any alleged concerns prior to his abrupt termination; and (d) Plaintiff is still unclear on specifics as to the alleged bases for his termination from employment.

38. There is simply no question that Plaintiff was terminated on two (2) separate occasions discriminatorily and retaliatorily for raising concerns of being treated unfairly "racially" on multiple occasions.

39. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated because of his race and/or complaints about race discrimination.

## COUNT I
### Violations of 42 U.S.C. Section 1981
([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)
- Against All Defendants - Both Unlawful Terminations -

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. During Plaintiff's employment with Defendants, he was subjected to discrimination and a hostile work environment through disparate and demeaning treatment, severe and/or pervasive harassment, selective enforcement of policies, and targeted for harassment because of his race.

42. Defendants took insufficient remedial action after being notified of same.

43. Plaintiff believes and therefore avers that he was terminated from his employment with Defendants, on both occasions, because of his race.

7

44. Plaintiff further believes and therefore avers that he was terminated from his employment with Defendants, <u>on both occasions</u>, because of his complaints about race discrimination.

45. These actions as aforesaid constitute unlawful discrimination, retaliation and a hostile work environment under Section 1981.

**COUNT II**
**<u>Violations of Title VII</u>**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**
**- Against All Defendants - Both Unlawful Terminations -**

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. During Plaintiff's employment with Defendants, he was subjected to discrimination and a hostile work environment through disparate and demeaning treatment, severe and/or pervasive harassment, selective enforcement of policies, and targeted for harassment because of his race.

48. Defendants took insufficient remedial action after being notified of same.

49. Plaintiff believes and therefore avers that he was terminated from his employment with Defendants, <u>on both occasions</u>, because of his race.

50. Plaintiff further believes and therefore avers that he was terminated from his employment with Defendants, <u>on both occasions</u>, because of his complaints about race discrimination.

51. These actions as aforesaid constitute unlawful discrimination, retaliation and a hostile work environment under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as emotional distress damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorneys' fees as provided by applicable federal and state law; and

G. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Date: February 12, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

David Porter                                              :         CIVIL ACTION
    v.                                                     :
                                                          :
University of Pennsylvania Health System, et al.          :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                                    (X)

| 2/12/2024 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1548 E. Walnut Lane, Philadelphia, PA 19138__

Address of Defendant: __1500 Market St, West Tower, Centre Sq, Phila, PA 19102; 3400 Civic Center Blvd, Phila, PA 19104; 3400 Spruce St, Phila, PA 19104__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/12/2024__    _/s/ signature_    __ARK2484 / 91538__
        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
     *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __2/12/2024__    _/s/ signature_    __ARK2484 / 91538__
        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PORTER, DAVID

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 2/12/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

[Print]   [Save As...]   [Reset]