IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PORTER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : NO. 2:24-CV-00630-MSG |
| | : |
| UNIVERSITY OF ENNSYLVANIA HEALTH SYSTEM, et al., | : |
| | : |
| Defendants. | : |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, AND THE HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA TO PLAINTIFF'S CIVIL ACTION COMPLAINT**

Defendants The University of Pennsylvania Health System, which is incorrectly identified as a separate entity, The Trustees of The University of Pennsylvania, and the Hospital of The University of Pennsylvania (collectively "Penn" or "Defendants"), by and through their undersigned counsel, hereby respond to the Civil Action Complaint filed by Plaintiff David Porter ("Plaintiff"), and, in support thereof, state the following:

### I.    INTRODUCTION[1]

1. The allegations in this paragraph of Plaintiff's Complaint, footnote one (1) inclusive, are admitted in part and denied in part. It is admitted only that Plaintiff alleges violations of the Section 1981 of the Civil Rights Act of 1866 ("Section 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII") and that Plaintiff has alleged that he intends to amend his Complaint to assert violations of the Philadelphia Fair Practices Ordinance (the "PFPO").

---

[1] Defendants utilize the headings as set forth in Plaintiff's Complaint for organizational purposes only.

The remaining allegations in this paragraph of Plaintiff's Complaint, footnote one (1) inclusive, are denied. It is specifically denied that Defendants violated Section 1981, Title VII, or the PFPO. Further, to the extent that certain of the allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law, no responsive pleading is required.

## II.     JURISDICTION AND VENUE

2. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

3. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

4. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

5. The allegations in this paragraph of Plaintiff's Complaint refer to a writing that speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied. To the extent that any remaining aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied. Further, to the extent that certain of the allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law, no responsive pleading is required.

## III.     PARTIES

6. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

7. Upon information and belief, the allegations in this paragraph of Plaintiff's Complaint are admitted.

8. The allegations in this paragraph of Plaintiff's Complaint are denied as stated. By way of further answer, The University of Pennsylvania Health System is a wholly owned operating division of The Trustees of The University of Pennsylvania which operates multiple hospitals located in Philadelphia, Pennsylvania.

9. The allegations in this paragraph of Plaintiff's Complaint are denied as stated. By way of further answer, The Trustees of The University of Pennsylvania, as the owner and operator of The University of Pennsylvania Health System, operates multiple hospitals in the Philadelphia area.

10. The allegations in this paragraph of Plaintiff's Complaint are denied as stated. By way of further answer, The Hospital of The University of Pennsylvania is a hospital located in the University City section of Philadelphia.

11. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

12. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

### IV.   FACTUAL BACKGROUND

13. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Upon information and belief, the allegations in this paragraph of Plaintiff's Complaint are admitted.

15. The allegations in this paragraph of Plaintiff's Complaint are denied as stated. By way of further answer, Plaintiff began his employment with The University of Pennsylvania Health System on or about July 20, 2020.

16. The allegations in this paragraph of Plaintiff's Complaint are denied as stated. By way of further answer, Plaintiff held the position of Security Officer for The University of Pennsylvania Health System, which operates under the name "Penn Medicine" and has an address of 3400 Spruce Street, Philadelphia, Pennsylvania 19104.

17. The allegations in this paragraph of Plaintiff's Complaint are denied.

18. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part. It is admitted only that Mr. Forte (Caucasian) is the Security Director. The remaining allegations in this paragraph of Plaintiff's Complaint are denied. By way of further answer, some of the remaining allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. By way of even further answer, Mr. O'Keefe (Caucasian) is the Assistant Director of Security Operations.

19. The allegations in this paragraph of Plaintiff's Complaint are denied.

20. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part. It is admitted only that Penn requires all Security Officers to work overtime on a rotating basis when the need arises, which, from time to time, occurs on short notice. The remaining allegations in this paragraph of Plaintiff's Complaint are denied.

21. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part. It is admitted only that Penn requires all Security Officers to work overtime on a

rotating basis when the need arises on days that the Security Officers are already working.  The remaining allegations in this paragraph of Plaintiff's Complaint are denied.

22. The allegations in this paragraph of Plaintiff's Complaint are denied.

23. The allegations in this paragraph of Plaintiff's Complaint are denied

24. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted only that any Security Officer who refuses to work mandatory overtime may be subject to discipline.  The remaining allegations in this paragraph of Plaintiff's Complaint are denied.

25. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted only that Penn requires all Security Officers to work overtime on a rotating basis when the need arises on days that the Security Officers are already working.  The remaining allegations in this paragraph of Plaintiff's Complaint are denied.

26. The allegations in this paragraph of Plaintiff's Complaint are denied.

27. The allegations in this paragraph of Plaintiff's Complaint are denied.

28. The allegations in this paragraph of Plaintiff's Complaint are denied.

29. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted only that Plaintiff's employment was initially terminated in May of 2023.  The remaining allegations in this paragraph of Plaintiff's Complaint are denied.  It is specifically denied that Plaintiff ever complained about racial discrimination during his employment with Penn.

30. The allegations in this paragraph of Plaintiff's Complaint are denied as stated.

31. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted only that Plaintiff went to Human Resources about the May 2023

termination of his employment. The remaining allegations in this paragraph of Plaintiff's Complaint are denied.

32. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part. It is admitted only that the May 2023 termination of Plaintiff's employment was rescinded. The remaining allegations in this paragraph of Plaintiff's Complaint are denied.

33. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part. It is admitted only that Plaintiff was permitted to return to work for a period of time following the May 2023 termination of his employment. The remaining allegations in this paragraph of Plaintiff's Complaint are denied.

34. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part. It is admitted only that Plaintiff's employment was terminated on July 11, 2023. The remaining allegations in this paragraph of Plaintiff's Complaint are denied.

35. The allegations in this paragraph of Plaintiff's Complaint are denied.

36. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part. It is admitted only that Plaintiff's employment was terminated, in short, because he falsified his patrol log. The remaining allegations in this paragraph of Plaintiff's Complaint are denied.

37. The allegations in this paragraph of Plaintiff's Complaint are denied. By way of further answer, after reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of Plaintiff's Complaint regarding other instances where Plaintiff falsified his patrol logs.

38. The allegations in this paragraph of Plaintiff's Complaint are denied.

39. The allegations in this paragraph of Plaintiff's Complaint are denied.

## Count I
## Alleged Violations of 42 U.S.C. Section 1981
### ([1] Alleged Race Discrimination; [2] Alleged Retaliation; and [3] Alleged Hostile Work Environment)
### – Against All Defendants – Both Allegedly Unlawful Terminations –

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. The allegations in this paragraph of Plaintiff's Complaint are denied.

42. The allegations in this paragraph of Plaintiff's Complaint are denied. It is specifically denied that Plaintiff complained of discrimination during his employment.

43. The allegations in this paragraph of Plaintiff's Complaint are denied.

44. The allegations in this paragraph of Plaintiff's Complaint are denied.

45. The allegations in this paragraph of Plaintiff's Complaint are denied.

## COUNT II
## Alleged Violation of Title VII
### ([1] Alleged Race Discrimination; [2] Alleged Retaliation; and [3] Alleged Hostile Work Environment)
### – Against All Defendants – Both Alleged Unlawful Terminations –

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. The allegations in this paragraph of Plaintiff's Complaint are denied.

48. The allegations in this paragraph of Plaintiff's Complaint are denied. It is specifically denied that Plaintiff complained of discrimination during his employment.

49. The allegations in this paragraph of Plaintiff's Complaint are denied.

50. The allegations in this paragraph of Plaintiff's Complaint are denied.

51. The allegations in this paragraph of Plaintiff's Complaint are denied.

**WHEREFORE,** Defendants The University of Pennsylvania Health System, The Trustees of The University of Pennsylvania, and the Hospital of The University of Pennsylvania deny any and all allegations in Plaintiff's "Wherefore" paragraph, sub-paragraphs (A) through (G) inclusive, and demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint and awarding Defendants attorneys' fees and costs, and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

In further answering Plaintiff's Complaint, Defendants hereby assert the following defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are not actionable because all employment decisions were job-related and justified by legitimate, non-discriminatory, and non-pretextual business reasons.

### THIRD DEFENSE

Defendants and their agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is barred from any recovery in this action.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged unlawful conduct by any employee or agent of Defendants was outside the scope of that employee's or agent's employment or agency, Defendants did not ratify any such unlawful conduct, and Defendants cannot be held vicariously liable for such purported conduct.

### FIFTH DEFENSE

Plaintiff's alleged damages are too speculative to form a basis for recovery.

### SIXTH DEFENSE

Plaintiff is barred from any recovery in this action by the doctrine of unclean hands.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH DEFENSE

Plaintiff's claims for relief are barred in whole or in part to the extent that he has failed to mitigate any of his alleged damages.

### NINTH DEFENSE

Plaintiff is not entitled to all or some of the damages sought in Plaintiff's Complaint.

### TENTH DEFENSE

Defendants have acted in good faith and have not acted willfully, deliberately, intentionally, outrageously, or with an extreme indifference to the rights of Plaintiff, and, thus, Plaintiff is not entitled to punitive damages on the law or the facts.

### ELEVENTH DEFENSE

Plaintiff's claims are barred because of Defendants' good faith efforts to comply with the applicable law.

### TWELFTH DEFENSE

Defendants have not interfered with Plaintiff's rights or discriminated and/or retaliated against Plaintiff in violation of any law.

### THIRTEENTH DEFENSE

Plaintiff is barred from any recovery in this action to the extent Plaintiff has failed to exhaust his administrative remedies prior to instituting this action.

### FOURTEENTH DEFENSE

To the extent Plaintiff has failed to comply with any applicable statute of limitations, his claims are barred.

### FIFTEENTH DEFENSE

Defendants exercised reasonable care to prevent and correct promptly any harassing or discriminatory behavior.

### SIXTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

### SEVENTEENTH DEFENSE

No reasonable person would, should, or could believe that Defendants alleged conduct toward Plaintiff was severe, pervasive, or outrageous enough to cause emotional distress.

### EIGHTEENTH DEFENSE

Defendants intend to rely on or assert such other defenses that may become available or apparent during the course of discovery in this case, and Defendants expressly reserve their right to amend this Answer to assert any and all such defenses.

**WHEREFORE** Defendants The University of Pennsylvania Health System, The Trustees of The University of Pennsylvania, and the Hospital of The University of Pennsylvania

demand judgment dismissing Plaintiff's Complaint and awarding Defendants attorney's fees and costs, and such other relief as the Court deems just and proper.

                                  Respectfully submitted,

                                  **FISHER & PHILLIPS LLP**

Date:  April 12, 2024            By:    <u>/s/ Todd Alan Ewan</u>
                                                Todd Alan Ewan, Esquire
                                                Michael R. Galey, Esquire
                                                Two Logan Square, 12th Floor
                                                100 N. 18th Street
                                                Philadelphia, PA 19103
                                                (610) 230-2140
                                                tewan@fisherphillips.com
                                                mgaley@fisherphillips.com

                                                *Counsel for Defendants The University of Pennsylvania Health System, The Trustees of The University of Pennsylvania, and the Hospital University of Pennsylvania*

**CERTIFICATE OF SERVICE**

I, Todd Alan Ewan, Esquire, hereby certify that on April 12, 2024, I electronically filed the foregoing Answer and Affirmative Defenses of Defendants The University of Pennsylvania Health System, The Trustees of The University of Pennsylvania, and the Hospital of The University of Pennsylvania to Plaintiff's Complaint with the Clerk of the Court using the Court's CM/ECF system, which will serve a copy of such filing on the following:

>Ari R. Karpf, Esquire
>3331 Street Road
>Two Greenwood Square, Suite 128
>Bensalem, PA 19020
>(215) 639-0801
>akarpf@karpf-law.com
>
>*Attorneys for Plaintiff*

By:  */s/ Todd Alan Ewan*
      Todd Alan Ewan